**IN THE UNITED STATES DISTRICT COURT**
  **FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DORINDA SCHWARTZ, ET AL. | * | |
| | * | |
| | * | |
| v. | * | Civil Nos. - JFM-15-1508, |
| | * | JFM-15-1511, JFM-15-1514, |
| | * | JFM-15-1523, and JFM-15-1524 |
| | * | |
| | * | |
| MAXIM HEALTHCARE SERVICES, INC. | * | |
| ****** | | |

**MEMORANDUM**

These five actions have been instituted under the Fair Labor Standards Act. There are 182 plaintiffs in the five actions. A similar action, involving 47 plaintiffs, has been filed in the Northern District of Ohio. Defendant has filed a "Motion To Sever And Dismiss Misjoined Plaintiffs," in each case. The motion will be granted.

Plaintiffs' counsel previously filed a collective action in the Northern District of Ohio asserting virtually the same claims asserted in these cases. In the prior action plaintiff's counsel admitted to being unable to sustain a collective action and stipulated to decertification. In these actions, however, as stated above, 182 plaintiffs have joined their claims under Fed. R. Civ. P. 20.

It is well-established that "the 'similarly situated' standard for certification of a collective action of the FLSA is 'more elastic and less stringent' than the standard for permissive joinder under Rule 20." *Andrews v. Comcast*, No. 12-2909, 2015 U.S. Dist. LEXIS 16563, at *12 (D. Md. Feb. 11, 2015) (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)). On this ground alone, defendant's motion to sever should be granted. Moreover, even if the decertification in the previous collective action was not dispositive, joinder under Rule 20 is

appropriate only if the claims arise out of "the same transaction, recurrence, or series of transactions or occurrences" and present a question of law or fact.  Here, common questions of law or fact do exist.  However, as plaintiffs implicitly conceded in stipulating to decertification in the prior action, their claims do not arise out of the same transaction, occurrence or series of transactions or occurrences.  To the contrary, each claim depends upon the particular circumstances of each plaintiff's employment.

The common questions that are presented, involving defendant's decision many years ago to classify members of its staff as overtime exempt without giving any individual plaintiff individualized consideration based upon his or her actual day-to-day activities, is not alone sufficient to justify joinder under Rule 20.  Moreover, plaintiffs admit that these common questions would not prevent separate trials on the claims asserted by each of them.

Plaintiff's final contention, that they would be prejudiced by having to pay $72,800 in filing fees by filing separate actions, clearly is not dispositive.  Filing fees help defray, however modestly, the expense to the court (and ultimately to the public) in litigation and constitute a "threshold barrier" to frivolous law suits.  *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769, 2007 WL 737589, at *2-3 (M.D. Fla. Mar. 7, 2007).  If 182 cases go to trial, the expenses involved in this litigation clearly would be substantial.  Of course, to the extent that an individual plaintiff cannot afford to pay the filing fee, he or she may seek to have it waived by filing a motion to proceed *in forma pauperis*.

A separate order granting defendant's motion to sever is being entered herewith.


Date:  August 14, 2015            ___/s/_____
                                  J. Frederick Motz
                                  United States District Judge